**EASTERN AIR LINES, INC., Plaintiff-Appellee,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellant.**

No. 29889.

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1971.

Rehearing Denied March 1, 1971.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

**450**

---

Richard M. Gale, Freed & Freed, Sanford Freed, Walton, Lantaff, Schroeder, Carson & Wahl, S. O. Carson, Miami, Fla., for defendant-appellant.

William G. Bell, Jr., Charles A. Kimbrell, Dixon, Bradford, Williams, McKay & Kimbrell, P. A. Miami, Fla., Charles A. Moye, Jr., Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

In this diversity action Eastern Air Lines sued Hartford Accident and Indemnity Company on a performance bond written by Hartford in favor of Jet Power, Inc., for breach of a sales contract between Eastern and Jet Power. Under the contract Jet Power agreed to purchase from Eastern certain Lockheed Constellation aircraft and all of Eastern's spare parts for this type of aircraft which Eastern was removing from service. The trial was before District Judge Mehrtens, sitting without a jury.

We have carefully reviewed the record and the contentions of the parties as well as the findings of fact and conclusions of law of the District Court. We believe that there was no error in the judgment below. The District Judge correctly held that the parties entered into a clear and unambiguous contract, that the parties understood that the listings of the types of parts stocked by Eastern and the quantity thereof did not require further technical description. It is likewise clear from the record that the parties understood and stated in their written contract that the exhibit attached to the contract, which listed the spare parts inventory, "may or may not reflect the actual inventory as of the date of this agreement."

We agree with the Trial Court that Jet Power wrongfully breached the contract, failed in its obligation to take delivery of the aircraft and parts for which it had contracted, and accordingly that Eastern is entitled to recover damages in the amount found by the District Judge. Nor was a credit due defendant for the repair of the aircraft at the rate of $3,000 per plane, there being no proof in the record in this regard. Most of the planes involved were flyable and in actual use by Eastern so that additional cost was not required to put them in condition and make them flyable. The alternate claim for credit, therefore, also fails for lack of proof.

Affirmed.